381 So.2d 1186 (1980)
STATE of Florida, Appellant,
v.
Randy Clayton GUNN, Appellee.
No. 79-278.
District Court of Appeal of Florida, Second District.
March 26, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
OTT, Judge.
Gunn was prosecuted for robbery and the jury acquitted him. During the trial, he testified that he had neither procured nor *1187 attempted to procure anyone else to commit the robbery. This testimony was in direct conflict with that of his alleged accomplice, Eaves, who previously had been tried separately and convicted of the crime.
The state thereafter filed an information charging Gunn with perjury, but on his motion the information was dismissed. The record is silent as to the ground for the dismissal, but the motion was based upon the doctrine of collateral estoppel. The question, therefore, is whether Gunn's testimony was material to an issue which was actually litigated in his robbery trial and which was essential to the verdict therein. United States v. Hernandez, 572 F.2d 218 (9th Cir.1978).
While the doctrine of collateral estoppel in criminal cases is said to be "embodied in the Fifth Amendment guarantee against double jeopardy", Ashe v. Swenson, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 476 (1970), care must be taken not to obliterate the distinctions between those doctrines. In the present case, for example, the doctrine of double jeopardy would bar the state from prosecuting Gunn again for the crime of robbery, even though the first prosecution may have been predicated exclusively on evidence that he personally committed the crime, and the second might be predicated on proof that he hired someone to commit it. This is so because by statute (§ 777.011, Fla. Stat.) one who procures another to commit a crime is himself guilty of committing that crime. A final judgment has determined that Gunn did not commit the robbery and that judgment is res judicata, barring any attempt to reprosecute that same cause of action and relitigate any issue which was or could have been determined in the first action. Restatement of the Law, Judgments §§ 48, 61, 63 (1942).
Here, however, we are not concerned with double jeopardy. Gunn was not charged with robbery this time, but with perjury. That is an entirely different cause of action, and the question of whether he tried to procure someone to commit the robbery is not foreclosed unless the doctrine of collateral estoppel does so. As previously noted, that depends on whether the issue was actually litigated in his robbery trial. The answer to that question lies in the record of that prosecution.
Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."
Ashe v. Swenson, supra, 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475-76.
We have previously noted the paucity of the record before us. Unfortunately, it contains no answers to our questions concerning the robbery case. We do not know whether the state's case was confined solely to a charge and proof that Gunn committed the robbery by direct participation in the activities at the scene of the crime, or whether an attempt was made to prove commission of the crime by procuring someone else to do it. We cannot tell whether Gunn was ever exposed to liability as a procuring principal by appropriate jury instructions. In short, the record before us does not reveal whether the verdict of acquittal in the robbery prosecution was a factual (as contrasted with a legal) determination that Gunn did not commit the crime by any manner or means, or only that he did not personally participate in the actual robbery.
Further, the record at bench contains no indication that the court below, in ruling on the motion to dismiss the perjury charge, had before it the information necessary to determine whether the state was collaterally estopped from proceeding. It is possible, of course, that the same judge who ruled on the motion had also presided at the robbery trial, and thus had intimate knowledge of what issues were resolved there. But as to that, too, the record is silent.
*1188 Accordingly, we reverse the order of dismissal and remand the case to the court below for further consideration of Gunn's motion in the light of the principles stated herein.
GRIMES, C.J., and SCHEB, J., concur.