GRIMES, Chief Judge.
By this appeal, the state challenges the trial court’s order granting defendant Murphy’s motion to dismiss.
The state filed an information charging Murphy and two other defendants with a robbery in Pasco County. Murphy thereafter filed a motion to dismiss the information in which he alleged that the undisputed facts in the case did not establish a prima facie case of guilt against him. After a hearing, the court entered an order *1381 in which it dismissed the information. The court found that all of the evidence concerning the Pasco County robbery had been presented as Williams Rule evidence[1] at a hearing on a motion to dismiss a charge against Mr. Murphy for a robbery in Pinel-las County. The court further found that because the Pinellas County judge had dismissed the Pinellas County charge after hearing the Pasco County evidence, it was bound by the Pinellas County judge’s decision under principles of res judicata.
 The court erred in ruling that the Pinellas County judge’s decision was res judicata. The doctrine of res judicata will bar a prosecution only if the state has previously suffered an adverse judgment in a prosecution of the same defendant based upon the same cause of action.[2] State v. Gunn, 381 So.2d 1186 (Fla.2d DCA 1980). The Pasco County case was a separate cause of action based upon different facts.
Appellee’s suggestion, made at oral argument, that the court below was really applying the broader doctrine of collateral estoppel is of no avail. While collateral estoppel can apply to different causes of action, it only serves to bind the parties in the second suit as to issues which were actually adjudicated in the first one. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Here, it cannot be said that this occurred. The court only received a stipulation that the Pinellas County judge had heard the evidence of the Pasco County robbery prior to having dismissed the Pinel-las County information. Williams Rule evidence of the Pasco County robbery, standing alone, could not possibly have convicted the defendant of the Pinellas County robbery. Thus, the court below could not rule as a matter of law that the Pinellas County judge had found that there was not a prima facie case against the defendant for the Pasco County robbery. The Pinellas County judge may have found that despite the presence of the Williams Rule evidence concerning the Pasco County robbery there simply was not enough other evidence to make out a prima facie case against the defendant on the Pinellas County robbery.
We reverse the order granting the motion to dismiss and remand the case for further proceedings consistent with this opinion.
SCHEB and CAMPBELL, JJ., concur.

. Williams Rule evidence is evidence of other crimes which is admissible when relevant to prove a material fact in issue, such as proof of motive, intent, preparation, plan, knowledge or identity. See Williams v. State, 110 So.2d 654 (Fla. 1959).

. See Busbee v. State, 183 So.2d 27 (Fla. 1st DCA 1966), in which the court noted, however, that res judicata could be applicable to some situations in which the second prosecution was not for the identical offense as the first.