397 So.2d 1229 (1981)
Don M. McCRAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-930.
District Court of Appeal of Florida, Third District.
May 12, 1981.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
McCray was charged in a two count information with, respectively, aggravated *1230 assault with a firearm and possession of a firearm while engaged in a criminal offense, the aggravated assault. The jury was charged on Count I as to the offense alleged, aggravated assault, and simple assault, as a lesser included offense. Concerning Count II, the court instructed the jury, without objection and in accordance with the express terms of the applicable statute, Section 790.07(2), Florida Statutes (1975),[1] that the defendant was guilty of the possession charge if "while committing or attempting to commit [the] felony of aggravated assault, [he] did display or attempted to use or display a weapon or firearm." [e.s.] The jury found McCray not guilty as to Count I, and guilty as charged on Count II. This appeal is from the adjudication and sentence imposed on the latter count. We affirm.
We do not agree with the defendant's primary contention on appeal, to the effect that the verdicts returned by the jury are "legally inconsistent" and that under Mahaun v. State, 377 So.2d 1158, 1161 (Fla. 1979), the acquittal as to aggravated assault must therefore result in vacating the possession conviction. Because of the contents of the jury instructions and the statutory definitions of the two offenses, we find that there is no inherent inconsistency and that Mahaun therefore does not control this case.[2]
In the aspect of Mahaun with which we are concerned, the supreme court held that a jury verdict that the defendant was not guilty of the felony of aggravated child abuse required her acquittal of a third degree murder charge which was necessarily based upon a finding that she had committed that felony. The supreme court reasoned that
Mrs. Mahaun's conviction for culpable negligence effectively holds her innocent of the aggravated child abuse charge. Because the aggravated child abuse felony was an essential element of the felony murder, we hold that Mrs. Mahaun cannot be guilty of third-degree felony murder. [e.s.]
377 So.2d at 1161. It clearly appears, therefore, that Mahaun involved a situation in which it was entirely impossible to reconcile the two verdicts. This is not the case here. As has been noted, the jury could well have found under the instructions that McCray was guilty of the Count II charge because he used a gun in the attempted commission of an aggravated assault, rather than in the completed crime. On the other hand, his acquittal of the completed offenses of aggravated and simple assault under Count I is not inconsistent with such a finding. This is so because, as to those offenses, the jury may have determined that there was insufficient evidence that the alleged victim had a well-founded fear that violence was imminent, which is required to support a conviction for assault. See Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945). Indeed, the situation in which only that element is lacking  and there is, for that reason, no assault  is the very definition of attempted commission of that crime.[3] As the supreme court held in State v. White, 324 So.2d 630, 631 (Fla. 1975):
The State argues for a definition of assault which does not include victim awareness, on the ground that `bushwhackers' and `backstabbers' would escape punishment if they were unsuccessful in their attempt to inflict injury. The Legislature did not intend to allow such acts to go unpunished, however. The *1231 general `attempt' statute will reach those situations. [e.s.]
See also, Hall v. State, 354 So.2d 914 (Fla. 2d DCA 1978); Osborn v. State, 345 So.2d 755 (Fla. 4th DCA 1977); Irving v. State, 337 So.2d 1014 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977).
There is therefore a perfectly reasonable explanation, in accordance with the supposed requirements of Mahaun, for the verdicts on the respective counts: the jury found only that McCray had committed an attempted aggravated assault with a firearm.[4] We thus reject the appellant's contrary contention upon an application of the general principle "that where the verdicts ... may be explained on any rational basis, inconsistency furnishes no ground for reversal," 76 Am.Jur.2d Trial § 1158 (1975), and the more particularized rule, which is directly applicable to this case, that
[r]eversible inconsistency will not ordinarily be held to result from contrary verdicts on the several counts of a multicount indictment or information if the offenses of which defendant was acquitted required proof of elements different from or in addition to those of the offense for which he was convicted.
Annot., Inconsistency of Criminal Verdict As Between Different Counts of Indictment or Information, 18 A.L.R.3d 259, 291-292 (1968), and cases collected at 292-293.
Since the other point presented lacks merit and requires no discussion, the judgment and sentence under review are therefore
Affirmed.
HENDRY, Judge, dissenting.
I respectfully dissent from the majority opinion.
Appellant was charged with aggravated assault, and display of a firearm during the commission of a felony. He was acquitted of the felonious assault,[1] but was convicted of the display defined in Section 790.07, Florida Statutes (1979):
(2) Whoever, while committing or attempting to commit any felony ... displays, uses, threatens, or attempts to use any firearm ... is guilty of a felony in the second degree... .
(emphasis supplied).
Appellant was thus convicted of an offense, an essential element of which  the underlying felony  he was found innocent.
Sub judice, we are controlled by the recent Florida Supreme Court holding in Mahaun v. State, 377 So.2d 1158 (Fla. 1979). In that case, the defendant appealed from convictions for third-degree felony murder and culpable negligence (a misdemeanor), on the basis that the felony murder conviction was not supported by conviction of the underlying felony with which she had been charged  aggravated child abuse. The court agreed that the conviction could not be sustained:

*1232 Because the aggravated child abuse felony was an essential element of the felony murder, we hold that Mrs. Mahaun cannot be guilty of third-degree felony murder.
377 So.2d at 1161.
I would reverse.
NOTES
[1] The subsection provides:

(2) Whoever, while committing or attempting to commit any felony ... uses ... or attempts to use any firearm ... is guilty of a felony of the second degree... . [e.s.]
[2] For this reason, as in Damon v. State, 397 So.2d 1224, note 10 (Fla. 3d DCA 1981), we eschew any extended comment upon Mahaun's holding or possible ramifications. See, contra, Redondo v. State, 380 So.2d 1107 (Fla. 3d DCA 1980), review granted, Fla., Case no. 59,302; Perkins, Dealing with the Inconsistent Verdict, 15 Criminal Law Bulletin 405 (1979).
[3] The not guilty verdict on Count I cannot be said to reflect a rejection of this conclusion since, as to that count, there was no instruction or verdict form (because there was no such request) on attempted aggravated or simple assault as lesser included offenses.
[4] While we suspect that what "really" happened is that, as in Redondo, supra, note 2, the jury simply pardoned McCray for the aggravated assault, which carried the three-year mandatory sentence required by § 775.087(2), we cannot act upon such an assumption. If Mahaun means what it says, it strongly suggests that a jury is not permitted to employ its inherent pardoning power as to less than all of multiple counts in a single case, if, by doing so, it reaches "legally inconsistent" verdicts. Courts, however, must presume that the jury acted in accordance with the law, so as, if at all possible, to uphold its conclusions. Silvestri v. State, 332 So.2d 351, 354 (Fla. 4th DCA 1976), affirmed, 340 So.2d 928 (Fla. 1976), and cases cited. In this case, that may be done only by conclusively positing that the jury engaged in the highly unlikely  but consistent and permissible  ratiocinative process which is described in the text and which forms the basis of our decision. However artificial, perhaps fictional, this approach may seem, any other would result in wholesale judicial interference with jury verdicts on the grounds of subjectively perceived improprieties. Moreover, we confess to a certain satisfaction in applying this presumption to McCray, whose argument basically is, after all, that because the jury charitably gave him the appetizer and main course, he is legally entitled to dessert and coffee. See also, Damon v. State, supra. We do not think a defendant should be heard to make such a demand, let alone receive an affirmative answer.
[1] See § 784.021, Fla. Stat. (1977).