402 So.2d 500 (1981)
Alvaro PALACIO, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1845.
District Court of Appeal of Florida, Third District.
August 11, 1981.
John Lipinski, Miami, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Palacio was charged with three felonies: (1) shooting at an unoccupied vehicle, in violation of Section 790.19, Florida Statutes (1977); (2) attempted first degree murder with a firearm, in violation of Sections 782.04 and 777.04(1), Florida Statutes (1977); and (3) unlawful possession of a firearm while engaged in the commission of the aforesaid felonies, in violation of Section 790.07(2), Florida Statutes (1977). The jury found Palacio not guilty of shooting at an occupied vehicle and, instructed that improper exhibition of a firearm, a first degree misdemeanor under Section 790.10, Florida Statutes (1977), was a lesser offense of the attempted first degree murder charge, it found Palacio guilty of this misdemeanor, thereby effectively finding him not guilty of attempted murder. But despite *501 the absence of a finding of guilt on either of the underlying felonies, the jury found Palacio guilty of the crime of unlawful possession of a firearm while engaged in the commission of these felonies.
We are compelled by Mahaun v. State, 377 So.2d 1158 (Fla. 1979),[1] to set aside this unlawful possession conviction.[2]See Wooten v. State, 404 So.2d 1072 (Fla. 3d DCA 1981). Our reversal on this count means that Palacio stands convicted of a misdemeanor only, rendering moot his dubious arguments that he was wrongfully denied classification as a youthful offender and wrongfully sentenced for both offenses. As to Palacio's remaining points on appeal, which concern evidentiary matters, we find the asserted errors (the most serious of which is exclusively relevant to the reversed count) to be harmless in light of our disposition of this case.
The defendant's conviction for improper exhibition of a firearm is affirmed; the defendant's conviction for unlawful possession of a firearm while engaged in the commission of a felony is reversed.
Affirmed in part; reversed in part.
NOTES
[1] Any doubt about the continued vitality of Mahaun as applied to the present case was set at rest in State v. Redondo, 403 So.2d 954 (Fla. 1981).
[2] We have examined the record to determine whether our decision in McCray v. State, 397 So.2d 1229 (Fla.3d DCA 1981), can sustain this conviction. We find McCray inapplicable, because Palacio's jury, like McCray's, instructed that the defendant could be found guilty of possession of a firearm while "committing or attempting to commit" the charged felonies, unlike McCray's, was also instructed that it could find Palacio guilty of the lesser included offense of attempted shooting at an occupied vehicle, a third degree felony, for which offense the jury acquitted Palacio. We cannot, as we did in McCray, rationalize the inconsistency of the verdicts.