411 So.2d 1354 (1982)
The STATE of Florida, Appellant,
v.
Joe DAVIS, Appellee.
No. 81-300.
District Court of Appeal of Florida, Third District.
April 6, 1982.
*1355 Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Robert R. Schrank, Asst. Public Defender, for appellee.
Before HUBBART, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
PER CURIAM.
The appellant was charged with second degree murder and display of a firearm during the commission of a felony. The defense was self-defense. The jury acquitted the defendant of second degree murder, but convicted him of unlawful possession of a firearm. The trial court granted a new trial; the State appeals. We affirm.
The principal prosecution witness was the deceased's seven-year-old child. The trial court found her testimony not worthy of belief, warranting a new trial. Tibbs v. State, 397 So.2d 1120 (Fla. 1981); State v. Gomez, 363 So.2d 624 (Fla. 3d DCA 1978); Baker v. State, 336 So.2d 364 (Fla. 1976). He also found that the prosecutor made improper closing argument because it was based on facts not adduced on the evidence. This would also warrant a new trial. Kirk v. State, 227 So.2d 40 (Fla. 4th DCA 1969); Smith v. State, 74 Fla. 44, 76 So. 334 (1917).
Therefore, the order under review be and the same is hereby affirmed.
Affirmed.
DANIEL S. PEARSON, Judge, specially concurring.
Unless more is said, a good deal of unnecessary judicial labor will be spent by the trial court trying to figure out where it is to go from here.
The defendant was acquitted on Count One of second-degree murder and manslaughter, the only offenses upon which the jury was instructed, and convicted on Count Two of unlawful possession of a firearm during the commission of a felony. By omitting further comment on these ostensibly inconsistent verdicts, we invite the defendant's opening salvo on remand to be that under Redondo v. State, 403 So.2d 954 (Fla. 1981), the acquittal on Count One undermines the conviction on Count Two. Therefore, I think we should now clarify that the defendant took no cross-appeal to assert that position here and has waived any right to assert it; and that, more importantly, in any event, the verdicts can be reconciled so that Redondo does not apply.
The record reflects that the jury, instructed on Count Two that the defendant could be found guilty of possession and display of the firearm "while committing or attempting to commit the felony of second degree murder," was not instructed as to Count One on the offense of attempted second-degree murder. This means that the jury logically could have found that the defendant attempted to commit the felony of second-degree murder so as to support the conviction of possession and display of a firearm during the course of that felony, and still have acquitted the defendant of the crimes of second-degree murder and manslaughter, the only offenses upon which, under the court's instructions, it could have returned a verdict on Count One.[1] Under such circumstances, the conviction on Count Two may stand. State v. Pitts, 400 So.2d 549 (Fla. 3d DCA 1981), *1356 review granted (Fla. 1982); McCray v. State, 397 So.2d 1229 (Fla. 3d DCA), review granted (Fla. 1981).[2]Compare Wooten v. State, 404 So.2d 1072 (Fla. 3d DCA 1981); Palacio v. State, 402 So.2d 500 (Fla. 3d DCA 1981).
But finding that the conviction for unlawful possession and display of a firearm survives this challenge does not solve the problem of the new trial. That trial should be for unlawful possession of a firearm while committing the felony of attempted second-degree murder and, if appropriate, committing or attempting to commit any lesser-included felonies of attempted second-degree murder.[3] I do not believe Lewis v. State, 377 So.2d 640 (Fla. 1980), or Martin v. State, 342 So.2d 501 (Fla. 1977)  which hold only that the defendant's request for these lesser instructions in a homicide case need not be honored  prevent the envisioned retrial.
NOTES
[1] It may be that the reason that no one requested an instruction on attempted second-degree murder as to Count One and none was given was the perception that no such instruction was permissible where the victim died. Cf. Lewis v. State, 377 So.2d 640 (Fla. 1980) (instruction on aggravated battery not required in homicide prosecution); Martin v. State, 342 So.2d 501 (Fla. 1977) (instruction on aggravated assault not required in homicide prosecution). That, however, is totally irrelevant to a determination that the jury, uninstructed in this manner, could logically come to the conclusion it did. Moreover, in the present case the ratiocinative process by which the jury arrived at its conclusion is not "highly unlikely," see McCray v. State, 397 So.2d 1229, 1231 n. 4 (Fla. 3d DCA), review granted (Fla. 1981). The jury might have found from the evidence, drawing all inferences favorable to the defendant, that the defendant's attempt to kill the victim did not result in her death, but that the victim was accidentally and fatally shot in a later struggle for the gun. Thus, as in Hayes v. State, 368 So.2d 374 (Fla. 5th DCA 1979), despite the death of the victim, a defense may be (and in the present case the jury may have believed) that the defendant was not responsible for the death, although responsible for some lesser offense that did not cause the death. Since the jury was instructed on attempted second-degree murder as an underlying felony of possession and display of a firearm, its divergent conclusions are unquestionably consistent.
[2] It appears that the ratio decidendi of McCray v. State, supra, has been tacitly followed in Breedlove v. State, 413 So.2d 1 (Fla. 1982). In Breedlove, the defendant contended that he was entitled to have his burglary conviction and sentence vacated, because the State proved only felony murder, not premeditated murder. The court found that since the State introduced sufficient evidence of premeditation, "the jury need not have convicted Breedlove of burglary in order to support the murder conviction." Thus, it appears that, like McCray, Breedlove upholds the burglary conviction by indulging the assumption that the jury found premeditated murder.
[3] Depending on the allegations of the charge and the proof submitted, these might be aggravated battery, aggravated assault, etc. Of course, there can be no instruction on manslaughter, as to which the defendant has been acquitted.