436 So.2d 219 (1983)
Carlos RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2195.
District Court of Appeal of Florida, Third District.
June 21, 1983.
Rehearing Denied September 6, 1983.
Weiner, Robbins, Tunkey & Ross and Geoffrey C. Fleck, Miami, for appellant.
Jim Smith, Atty. Gen. and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
*220 PER CURIAM.
This is an appeal from certain criminal convictions which were entered after a jury trial in the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant raises three points on appeal, none of which is sufficient to upset these convictions.
First, it is urged that the trial court erred in denying defense motions for judgment of acquittal. It is argued that the sole state witness linking the defendant Carlos Rodriguez to the crimes charged herein was severely impeached at trial to such an extent that the case should not have been sent to the jury. Our review of the record, however, satisfies us that sufficient evidence was presented below upon which a reasonable jury could have found the defendant Carlos Rodriguez guilty as charged. The fact that the state's chief witness may have been impeached below cannot change this result, as it is the sole responsibility of the jury [not the trial court or the appellate court] to assess the credibility of witnesses. We are precluded by law from re-weighing the evidence on appeal and substituting our judgment for that of the trier of fact. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
The fact that before the trial judge sent this case to the jury, he stated on the record that he would have acquitted the defendant had he been sitting as the trier of fact, is of no moment. In ruling on a motion for judgment of acquittal, the test is not whether the trial judge would acquit the defendant had he been the trier of fact. On the contrary, the test in ruling on such a motion is set forth in Lynch v. State, 293 So.2d 44, 45 (Fla. 1974), as follows:
"A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal."
The trial judge herein applied the proper test in this case and denied the motions for judgment of acquittal  notwithstanding the judge's personal views on the credibility of the state's chief witness which he quite properly set aside in ruling on the instant motions.
Secondly, it is urged that the trial court erred in denying certain motions for a mistrial based on testimony elicited by the state on re-direct examination of the state's chief witness and based on certain comments made by the prosecuting attorney in final argument. We find the subject testimony and comments insufficient to warrant a mistrial in this case. See e.g., Flowers v. State, 351 So.2d 764 (Fla. 3d DCA 1977); Hinton v. State, 347 So.2d 1079 (Fla. 3d DCA), cert. denied, 354 So.2d 981 (Fla. 1977); Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975).
Finally, it is urged that the trial court erred in giving a certain instruction to the jury. The state's chief witness had testified through a translator at the trial of this cause; without dispute, some difficulties were encountered as to the accuracy of this translation at certain points. When that occurred, the trial court, without objection, allowed the attorneys to repeat their questions so that an accurate translation could take place. The court thereafter, during its charge to the jury, gave the following instruction:

*221 "When a witness does not speak English and must testify through a translator, there is an inherent possibility that the translation may be a misstatement of the witness' testimony, or that the question propounded by the attorney was not related accurately to the witness.
Therefore, the attorneys in this case have been permitted to repeat their questions in areas where the accuracy of a translation itself may have been at issue." (T. 254).
The defendant contends that this instruction was improper because it ameliorated the defendant's impeachment of the state's chief witness at trial by shifting the blame to the official court translator for the witness' alleged lack of candor and unresponsiveness.
First, we think the instruction was appropriate to explain the necessity for counsel to repeat at times certain questions asked of the state's chief witness who testified through a translator when, without dispute, certain translation problems occurred below which necessitated repeat questions. Secondly, no complaint was registered below on the basis now asserted, that the subject instruction improperly shifted the blame to the official court translator for the witness' alleged lack of candor and unresponsiveness. Indeed, defense counsel agreed to and had a hand in drafting the subject instruction. Only at the last minute did counsel register the following perfunctory objection:
"I object to the instruction. I don't know of any authority for it." (T. 202)
We regard this as an overbroad "gotcha" objection as it was in no way explained or elaborated on, and, in context, came as a complete switch in defense counsel's position. No contention was made at any time that this was a prejudicial instruction or in any way constituted an unfair comment on the evidence. The defendant may not therefore be heard for the first time on appeal to make that complaint. Castor v. State, 365 So.2d 701, 703 (Fla. 1978); Courson v. State, 414 So.2d 207 (Fla. 3d DCA 1982).
Affirmed.
DANIEL S. PEARSON, Judge, concurring.
When "there is an inherent possibility that the translation may be a misstatement of the witness' testimony, or that the question propounded by the attorney was not related accurately to the witness," it is time to declare a mistrial, get rid of the translator, and start all over with a qualified translator. Instead, the trial court gave the jury the above-quoted instruction, in effect imparting to the jury that what they were told that the witness answered may not really have been what the witness answered, and what they heard the attorney ask may not really have been the question put to the witness. Because the instruction authorized the jury to speculate as to the witness's testimony and, moreover, insulated the witness from having her credibility judged by any well-accepted test, I cannot agree that the instruction would be appropriate in any case, much less a case such as here, where the witness's testimony (assuming, for the moment, that the translation was accurate) was evasive and inconsistent, and where the prosecution's entire case rested upon the jury believing this witness.
However, I must agree with the majority that the error of this instruction was not preserved for review by proper objection and, indeed, except for defense counsel's perfunctory words, "I don't know of any authority for it," the giving of the instruction was agreed to by defense counsel.