COWART, Judge,
concurring specially.
I completely concur in the court’s decision. However, I feel it necessary to point out that the trial judge below misconstrues Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). On a motion for a judgment of acquittal during a jury trial the trial judge considers only the legal sufficiency of the evidence; that is, whether there is some competent evidence to support every ultimate fact necessary to establish every essential constituent element of the offense. This includes direct evidence and circumstantial evidence from which the jury may reasonably infer an essential ultimate fact. The trial judge does not weigh the evidence. See Davis v. State, 425 So.2d 654 (Fla. 5th DCA 1983); Cunningham v. State, 385 So.2d 721, 722 (Fla. 3d DCA 1980).[1] See also Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984). Under Florida Rule of Criminal Procedure 3.600(a)(2) the trial judge does have some discretion to consider the weight of the evidence in ruling on a motion for a new trial. However, the trial court in this case exercised that discretion and denied the motion for a new trial.

. The fact that a trial court states on the record that it would have acquitted the defendant if it had been sitting as a juror is of no consequence in a motion for judgment of acquittal. See Rodriguez v. State, 436 So.2d 219 (Fla. 3d DCA 1983).