459 So.2d 1120 (1984)
Joe DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2394.
District Court of Appeal of Florida, Third District.
November 20, 1984.
*1121 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
This case was previously before us when the State appealed an order granting the defendant a new trial after he was convicted of the crime of displaying a firearm during the commission of a felony. We affirmed that order in State v. Davis, 411 So.2d 1354 (Fla. 3d DCA 1982) [Davis I], and the defendant was retried and again convicted. In the present appeal, the defendant contends that the charge against him should have been dismissed rather than retried because first, the verdicts in his initial trial finding him not guilty of second-degree murder and guilty of displaying a firearm during the commission of a felony were legally inconsistent so as to bar the entry of a judgment of guilt on, and thus the reprosecution of, the firearm charge; and second, the order granting him a new trial, although ostensibly limiting his relief to that stated, effectively acquitted him of the firearm charge so as to prevent a retrial. His alternative contention is that even if his retrial on the firearm charge was legally permissible, the State was nonetheless collaterally estopped from basing that firearm charge, in whole or in part, on the felony  that is, murder  for which the defendant had been acquitted at his initial trial.

I.
The defendant's first contention comes as no surprise to us, and our rejection of it should come as no surprise to the defendant. In Davis I, the special concurrence predicted that "[b]y omitting further comment on these ostensibly inconsistent verdicts, we [would] invite the defendant's opening salvo on remand to be that under Redondo v. State, 403 So.2d 954 (Fla. 1981), the acquittal on Count One [murder] undermines the conviction on Count Two [possession of a firearm during the commission of a felony]." 411 So.2d at 1355. The defendant proved the concern to be well founded when, upon the return of the case to the trial court, he moved to dismiss the surviving firearm charge on the anticipated Redondo ground, despite the concededly non-binding warning of the special concurring opinion that the conviction on the possession count would survive any Redondo attack. See 411 So.2d at 1355. We now make that dictum come true. First, by failing to cross-appeal the denial of his motion for judgment of acquittal, the defendant waived his right to later challenge that denial by a motion to dismiss further proceedings on double jeopardy grounds. Cf. State v. One (1) 1977 Volkswagen, VIN/XXXXXXXXXX, Florida License "KTV-062," *1122 455 So.2d 434, 436 (Fla. 1st DCA 1984) (on rehearing). Clearly, the defendant, who had moved for a judgment of acquittal on the ground, inter alia, that the verdicts were inconsistent, had properly preserved the point in the trial court, see Ayrado v. State, 431 So.2d 320 (Fla. 3d DCA 1983) (post-trial motions for arrest of judgment or judgment of acquittal sufficient to preserve for appellate review contention that jury verdicts inconsistent), and clearly, he could have raised the point by cross-appeal, see State v. Williams, 444 So.2d 434 (Fla. 3d DCA 1983).
Second, even had the point not been waived, the rule of Redondo does not apply to the verdicts in Davis' first trial because the record of that trial:
"reflects that the jury, instructed on Count Two that the defendant could be found guilty of possession and display of the firearm `while committing or attempting to commit the felony of second degree murder,' was not instructed as to Count One on the offense of attempted second-degree murder. This means that the jury logically could have found that the defendant attempted to commit the felony of second-degree murder so as to support the conviction of possession and display of a firearm during the course of that felony, and still have acquitted the defendant of the crimes of second-degree murder and manslaughter, the only offenses upon which, under the court's instructions, it could have returned a verdict on Count One. Under such circumstances, the conviction on Count Two may stand."

State v. Davis, 411 So.2d at 1355 (Pearson, J., concurring) (emphasis in original; footnote omitted).
See State v. Pitts, 400 So.2d 549 (Fla. 3d DCA 1981), aff'd, 425 So.2d 542 (Fla. 1983); McCray v. State, 397 So.2d 1229 (Fla. 3d DCA 1981), aff'd, 425 So.2d 1 (Fla. 1983); Cooper v. State, 448 So.2d 6 (Fla. 3d DCA) (concurring opinion), rev. dismissed, 450 So.2d 485 (Fla. 1984).

II.
The defendant's second contention, namely, that the trial court's "new trial" order effectively acquitted him of the sole remaining charge, like his contention respecting inconsistent verdicts, is one that could have been raised on cross-appeal when the State appealed the order granting the defendant a new trial. But again, instead of asserting that he had not obtained the full relief to which he was entitled, see Williams v. State, 444 So.2d at 437, the defendant merely chose to defend the propriety of the grant of a new trial. The State again says that the defendant waived his right to assert his claimed "acquittal" as a bar to his retrial when he elected not to seek by cross-appeal our declaration that the order granting him a new trial in fact acquitted him of the firearm charge. We again agree with the State.
The contention that the trial court should have acquitted the defendant of the offense, unlike the contention that the defendant was acquitted of the offense, is one that seeks to collaterally attack an existing judgment of conviction. In order for the trial court to have granted the defendant relief in the instant case, it would have been necessary for it to revisit the order denying the defendant's motion for judgment of acquittal entered in the defendant's first trial, an order which had long since become final after the defendant failed to challenge it on the initial appeal.
The defendant argues, however, that his motion to dismiss in the present case does not seek to avoid the impact of a long-since affirmed final judgment of conviction, but in reality seeks to enforce a final judgment of acquittal. He correctly says that what constitutes an "acquittal" is not controlled by the form of the trial court's action, see United States v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), and goes on to urge that the ruling of the trial court after his initial trial, although in form the grant of the lesser relief of a new trial, in substance was the entry of a judgment of acquittal. While it is true, as the defendant argues, *1123 that the trial judge's order granting a new trial states that he would have granted a judgment of acquittal were it not for the fact that to do so would have precluded the State from appealing, the order otherwise reveals that the judge's inclination to acquit the defendant stemmed from his disbelief of the testimony of the State's principal witness, a seven-year-old girl. Of course, "[t]he credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal." Lynch v. State, 293 So.2d 44, 45 (Fla. 1974). The trial judge's remarks, in our view, have no greater significance than a statement that had he been the trier of fact, he would have acquitted the defendant. As this court said in Rodriguez v. State, 436 So.2d 219, 220 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984):
"The fact that before the trial judge sent this case to the jury, he stated on the record that he would have acquitted the defendant had he been sitting as the trier of fact, is of no moment. In ruling on a motion for judgment of acquittal, the test is not whether the trial judge would acquit the defendant had he been the trier of fact."
Thus, it is clear to us that the trial judge did not find the evidence legally insufficient and did not acquit the defendant by word or otherwise.[1]

III.
Having decided that the defendant was not effectively acquitted in his first trial of the crime of displaying a firearm during the commission of a felony either by virtue of being acquitted of the underlying felony of murder or by the trial court's order granting him a new trial, we turn to the question of whether the retrial of the defendant on the firearm charge, although legally permissible, was conducted in such a manner as to place the defendant twice in jeopardy.
The defendant's contention is that the doctrine of collateral estoppel as delineated in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), prevents the relitigation of the issue of whether the defendant was guilty of the crime of second-degree murder, an issue of ultimate fact which was determined in the defendant's favor in the initial trial by a valid and final judgment. While collateral estoppel is "a protection embodied in the fifth amendment guarantee against double jeopardy," United States v. Henry, 661 F.2d 894, 897 (5th Cir.1981), cert. denied, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982), the concepts are distinct in that "the traditional bar of double jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime." United States v. Mock, 604 F.2d 341, 343-44 (5th Cir.1979), conviction aff'd after remand, 640 F.2d 629 (5th Cir.1981). See United States v. Mulherin, 710 F.2d 731 (11th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1305, 79 L.Ed.2d 703 (1984); State v. Gunn, 381 So.2d 1186 (Fla. 2d DCA 1980).
In the present case, there is little doubt that double jeopardy would bar the reprosecution of Davis for the crime of displaying a firearm while committing the crime of second-degree murder. It follows, says the defendant, that the State is collaterally estopped from (a) prosecuting Davis under an information which here charges that the defendant did unlawfully display a firearm while "committing or attempting to commit" *1124 murder,[2] and (b) introducing evidence to show that the defendant committed a murder. The defendant further argues that the doctrine of collateral estoppel also precludes the trial court from instructing the jury, as it did, that it could convict the defendant of the crime of displaying a firearm while committing or attempting to commit the felony of murder.[3]
We believe that we need go no further than the jury's verdict to decide that the defendant must prevail. The verdict form, submitted over the defendant's objection, asked the jury to find the defendant guilty or not guilty of the charge of unlawful possession of a firearm "while committing or attempting to commit a felony, to wit: Murder." (emphasis supplied). The jury's undifferentiated finding of guilt was at least just as likely a finding that the defendant possessed a firearm while committing murder as it was a finding that the defendant possessed a firearm while attempting to commit a murder. Therefore, because Davis' conviction may very well be for a crime for which he has already been acquitted, it cannot stand. See Pugliese v. Perrin, 731 F.2d 85 (1st Cir.1984) (where defendant previously acquitted of manslaughter, instruction to jury in trial of defendant on lesser-included offense of negligent homicide that it could find the defendant guilty of negligent homicide on the basis of manslaughter-type conduct  that is, purposeful, knowing, or reckless conduct  as well as negligent conduct, violated principle of collateral estoppel embodied in the Fifth Amendment guarantee against double jeopardy); Feela v. Israel, 727 F.2d 151 (7th Cir.1984) (where defendant previously acquitted of van theft, introduction of evidence of van theft and instruction to jury which permitted them to find van theft an act to effect the object of the conspiracy to commit armed robbery violated doctrine of collateral estoppel).
Accordingly, we conclude that Davis is entitled to a new trial solely on the charge of displaying a firearm during the commission of an attempted murder. Reference in the information to the actual commission of murder is to be stricken, and the jury is to be instructed, and the verdict form is to reflect, that in order to find the defendant guilty, it must find that he displayed a firearm during the commission of an attempted murder. Moreover, at this new trial, the State's proof and arguments should be restricted to the crime for which the defendant is on trial and should not include references to the crime for which the defendant has been acquitted.[4]See Humphries v. Wainwright, 584 F.2d 702 (5th Cir.1978); McDonald v. Wainwright, 493 F.2d 204 (5th Cir.1974).
Reversed and remanded for a new trial.
NOTES
[1] Although, as we have said, the defendant has waived any claim that the evidence at his first trial was legally insufficient to convict, that is, that the trial court should have granted his motion for judgment of acquittal, we note that no record of the defendant's first trial is before us, and we could not decide such a claim. Moreover, on the present appeal, the defendant does not raise insufficiency of the evidence at his second trial, perhaps suggesting that he agrees that the evidence submitted, presumably of the same quantity and quality as the evidence at the first trial, was legally sufficient despite the trial court's concern about its evidentiary weight. See Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
[2] The information upon which the defendant was originally tried made no mention of attempt. When we affirmed the new trial order and returned the case to the trial court, the State filed a superseding information disjunctively charging the commission of murder and the attempt. The defendant's motion to dismiss this information on the ground that he was acquitted of the murder was denied, and the court refused to strike "committing" from the information.
[3] We reject the defendant's related claim that he cannot be prosecuted for display of a firearm during the commission of attempted murder. First, we implicitly decided that issue against the defendant in State v. Davis, 411 So.2d 1354. Second, Davis' assertion that the jury's acquittal of him necessarily found in his favor on his self-defense claim, therefore precluding the revisiting of the question of his culpability for an attempt, is sheer speculation, particularly in light of the jury's contrary finding that Davis was guilty of the firearm offense. See United States v. Whitaker, 702 F.2d 901 (11th Cir.1983); Harris v. State, 449 So.2d 892 (Fla. 1st DCA 1984); State v. Wade, 435 So.2d 898 (Fla. 1st DCA 1983), rev. denied, 443 So.2d 980 (Fla. 1984); Robinson v. State, 393 So.2d 33 (Fla. 1st DCA 1981).
[4] The State's theory, arguments and proof at Davis' second trial were indistinguishable from its theory, arguments and proof at Davis' first trial, despite Davis' acquittal on the murder charge. While much of the evidence to prove attempted murder and murder will obviously be the same, evidence concerning the victim's death, autopsy, etc. can be readily excluded. See State v. Perkins, 349 So.2d 161 (Fla. 1977). See generally Annot., Admissibility of Evidence As To Other Offense As Affected By Defendant's Acquittal of That Offense, 25 A.L.R. 4th 934 (1983).