QUINCE, Judge-
The State challenges the trial court’s order granting Lorenzo Hamilton’s motion to suppress. We reverse because the police officers had a founded suspicion of criminal activity and were justified in pursuing Hamilton and detaining him.
On April 30, 1994, Corporal Ray Whiteley was on patrol in the Baskins Ridge area of Pinellas County. The area is known for drug activities, and there had been a number of citizen complaints about people standing in the area selling crack cocaine. The officer observed Hamilton standing alone on a corner. Whiteley and his partner, Deputy Som-ers, decided to make contact and called out to Hamilton. Hamilton approached the passenger side of the patrol car. He walked up to the passenger window where Whiteley was seated. Whiteley asked Hamilton to step away from the door so that he could exit. As Whiteley pushed on the door to open it, Hamilton held the door shut. Corporal Whiteley stated Hamilton was free to respond to him or not until this point.
Hamilton then ran from the car, and Whiteley and Somers gave chase into a wooded area. Hamilton ran into some vines and could go no farther. Whiteley asked him why he had run and Hamilton responded, “I just sold crack cocaine to someone.” Deputy Somers handcuffed Hamilton and patted him down. The officer felt a plastic bag in the front of Hamilton’s pants. The bag was removed and found to contain crack cocaine residue. Deputy Somers also testified and gave essentially the same testimony as Corporal Whiteley.
The parties agree that the initial encounter between the officers and Hamilton, the officers’ request and the defendant’s approach to the police car, was consensual, without any fourth amendment implications. State v. Cahill, 388 So.2d 354 (Fla. 2d DCA 1980). Thereafter, founded suspicion arose necessitating investigation based on the extremely unusual behavior exhibited by Ham *312 ilton when he held the police door shut to prevent the officer from exiting the vehicle. Furthermore, his flight from the scene as the officer tried to get out of the car gave the officers additional reason to pursue and detain him. State v. Brown, 616 So.2d 124 (Fla. 2d DCA 1993). Once Hamilton was stopped, he was asked why he was running, and he volunteered the information that he had just sold crack cocaine.
Hamilton’s statement that he sold cocaine gave the police probable cause to arrest him for commission of a felony. The search of Hamilton and the seizure of a plastic bag with cocaine residue was a valid search incident to an arrest. State v. King, 405 So.2d 770 (Fla. 5th DCA 1981).
Since there was no illegal police activity and the search of Hamilton was incident to a valid arrest, the trial court erred in granting the motion to suppress. The order granting the motion to suppress is hereby reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and FRANK, J., concur.