# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3144
Lower Tribunal No. 07-4070
_____


**Raed Aldin,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Habeas Corpus.

Raed Aldin, in proper person.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for respondent.


Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

The defendant, Raed Aldin, filed the instant petition for writ of habeas

corpus, alleging that his appellate counsel provided ineffective assistance of counsel by failing to contest on appeal the trial court's denial of the defendant's motion to suppress the physical evidence seized by the police and the defendant's statements, which were provided after the defendant was advised of and waived his rights pursuant to Miranda v. Arizona.[1]  For the reasons which follow, we find no merit to the defendant's claims and, therefore, deny the petition.

The defendant was tried and convicted of burglary of an unoccupied dwelling in Miami Beach, and second degree grand theft for the items stolen during the burglary.  The evidence revealed that during the burglary of the victims' home, several items were taken including jewelry, electronics, and a cell phone belonging to one of the victims.  Detective Robert Lanier of the City of Miami Beach Police Department, who was assigned to investigate the burglary, met with the victims, reviewed the property list, and asked the victim who owned the cell phone taken during the burglary not to terminate his cell phone service so that the use of the phone could be tracked.

By tracking the use of the cell phone, Detective Lanier was able to identify the defendant as a possible suspect of the burglary.  Detective Lanier, accompanied by other officers, set up surveillance at the defendant's residence, and when the defendant arrived in his van, they approached him, identified themselves, and

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

asked to speak with him. The defendant agreed to speak with the officers, and because it was raining, the defendant led the officers to his carport. Because the defendant was a suspect, Detective Lanier read the defendant his Miranda rights, which the defendant waived, and agreed to speak with the detective. Detective Lanier told the defendant that he had reason to believe that the defendant was in possession of a stolen cell phone. The defendant admitted that he had the stolen phone, told the detective that it was in his apartment, and offered to give it to the detective. The defendant then led the officers into his apartment, where he retrieved and delivered the phone to Detective Lanier.

While in the defendant's apartment, Detective Lanier recognized some of the items stolen from the victims and other stolen property in plain view. When he asked the defendant if any of these items had been stolen, the defendant replied that it would be easier to ask him what had not been stolen. The defendant, who was apologetic, wanted to explain, however, Detective Lanier, who preferred to conduct a formal interview at the station, seized the stolen cell phone, arrested the defendant, and transported the defendant to the police station, where the defendant signed a consent to search form and a Miranda rights form, agreeing to answer questions without an attorney.

During the interview at the police station, the defendant admitted to burglarizing the victims' home, which he subsequently agreed to identify and led

3

them to the victims' home. The defendant explained in detail how he had broken into the house, what items he had taken, and that he had sent some of the jewelry back home to friends in Palestine and sold other items in the parking lot of the Hard Rock Cafe.

The defendant moved to suppress his statements and the physical evidence on the basis that the arresting officers were City of Miami Beach police officers and thus they were acting outside of their jurisdiction when they arrested him at his home in the City of Miami. Although the trial court initially granted the defendant's motion to suppress, after conducting an evidentiary hearing upon the State's motion for reconsideration, the defendant's motion to suppress was denied.

At the evidentiary hearing, the State introduced a certified copy under seal of the Voluntary Cooperation and Operational Assistance Mutual Aid Agreement ("Agreement") entered into by the cities of Miami and Miami Beach in January 2007, which provided Detective Lanier with the lawful authority to arrest the defendant in the City of Miami. Detective Lanier submitted an affidavit and also testified to the requirements of the Agreement and that he and the City of Miami Beach Police Department had complied with the requirements. The trial court found that Detective Lanier's testimony was credible.[2]

[2] The trial court also concluded that the defendant lacked standing to object to the City of Miami Beach Police Department's alleged failure to comply with the Agreement. See State v. Walker, 852 So. 2d 863 (Fla. 3d DCA 2003). However, given our resolution on the merits, we need not reach this issue.

4

The defendant contends that his appellate counsel provided ineffective assistance of counsel by failing to raise on appeal the denial of his motion to suppress. However, appellate counsel is not ineffective for failing to raise a meritless claim. See Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000) (quoting Williamson v. Dugger, 651 So. 2d 84, 86 (Fla. 1994)) ("If a legal issue 'would in all probability have been found to be without merit' had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective.").

Our review establishes that appellate counsel's failure to raise the complained-of issue was not ineffective assistance of counsel as the defendant's argument in this petition is without merit and no prejudice has been demonstrated. See Strickland v. Washington, 466 U.S. 668 (1984) (holding that to demonstrate ineffective assistance of appellate counsel, the petitioner must show: (1) that the specific errors or omissions were of such a magnitude that they deviated from the norm or fell outside of the range of professionally acceptable performance; and (2) that the failure or deficiency prejudiced the petitioner to such a degree as to undermine the confidence in the fairness and correctness of the outcome).

Florida's Mutual Aid Act authorizes law enforcement agencies operating in Florida to enter into mutual aid agreements such as the Agreement entered into by the City of Miami and the City of Miami Beach police departments. See §

23.1225, Fla. Stat. (2006) (authorizing mutual aid agreements between Florida law enforcement agencies); § 23.1225(1)(a) (permitting "voluntary cooperation and assistance of a routine law enforcement nature across jurisdictional lines"). A certified copy under seal entered into by the City of Miami and the City of Miami Beach police departments was introduced into evidence; Detective Lanier testified that his department complied with the terms of this Agreement; and the trial court found his testimony credible. Because the defendant did not attack the authenticity or the effect of the Agreement below and only disputes here the trial court's credibility determination of Detective Lanier's testimony regarding his compliance with the Agreement, and we are not free to re-weigh or substitute our view of the credibility of Detective Lanier's testimony for that of the trier of fact, see Rodriguez v. State, 436 So. 2d 219, 220 (Fla. 3d DCA 1983) (holding that this Court is "precluded by law from re-weighing the evidence on appeal and substituting our judgment for that of the trier of fact"), we find that the defendant's appellate counsel did not provide ineffective assistance of counsel by failing to raise this issue on appeal.

We additionally note that the defendant's admissions, voluntary return of the cell phone stolen during the burglary, and the officers' observations of the victims' stolen property in plain view and in the possession of the defendant all occurred while the defendant was voluntarily cooperating with the police and prior to his

arrest. Thus, the physical evidence and the defendant's admissions on the scene regarding the burglary and theft were not the product of the arrest. The defendant's subsequent statement at the police station was merely further elaboration of the already admitted-to crimes.

Petition denied.