293 So.2d 44 (1974)
Steven LYNCH, Petitioner,
v.
STATE of Florida, Respondent.
No. 43653.
Supreme Court of Florida.
March 13, 1974.
Rehearing Denied May 10, 1974.
*45 Richard S. Rhodes, Winter Park, for petitioner.
Robert L. Shevin, Atty. Gen., and Nelson E. Bailey, Thomas M. Carney, C. Marie Bernard and Stephen R. Koons, Asst. Attys. Gen., for respondent.
ADKINS, Chief Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District (Lynch v. State, 275 So.2d 32), which allegedly conflicts with prior decisions of this Court (Middleton v. State, 74 Fla. 234, 76 So. 785; Ex Parte Clarkson, 72 Fla. 220, 72 So. 675; Smith v. State, 93 Fla. 238, 112 So. 70) on the same point of law. Fla. Const., art. V, § 3(b)(3), F.S.A.
In a prosecution for attempted rape the statement of particulars alleged that the offense was committed on November 29, 1970, between the hours of 1:00 a.m. and 5:00 a.m. Defendant's alibi evidence was that he was elsewhere and not at the scene of the offense at the time and date specified in the bill of particulars.
On direct examination the victim stated that on November 29, 1970, she left work at 3:00 a.m. She stopped her car on the way home believing that an automobile with blinking lights was occupied by a law enforcement officer. In fact, the occupant was the defendant, who then approached the victim and attempted to rape her. On cross-examination, her testimony as to the time of the commission of the offense was shaken and she was unable to state exactly when the defendant attacked her. Defendant says that the lower court erred in denying his motion for judgment of acquittal, in that the State was limited in proof to the time period described in the statement of particulars and failure of the State to offer proof of the corpus delicti within the time frame of the statement of particulars required the granting of his motion at the close of the State's case.
A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal. Holland v. State, 129 Fla. 363, 176 So. 169 (1937); Adams v. State, 138 Fla. 206, 189 So. 392 (1939); Sheehan v. Allred, 146 So.2d 760 (Fla.App.1st, 1962); *46 Budgen v. Brady, 103 So.2d 672 (Fla.App. 1st, 1958).
There is evidence in the record to establish that the attack took place on November 29, 1970, between the hours of 1:00 a.m. and 5:00 a.m., so the trial court did not err in denying defendant's motion for judgment of acquittal. The trial court in its instructions to the jury included the following:
"Ordinarily the State is not required to prove that a crime was committed on the exact date stated in the information, but in this case by a separate pleading the exact date of the crime has been made an issue to be tried. The burden therefore rests upon the State to prove beyond a reasonable doubt that the crime was committed on November 29, 1970, between the hours of one, a.m., and five, a.m."
The issue of time was presented to the jury, who had an opportunity to observe the demeanor of the witnesses and pass upon the credibility of each. The jury found that the time of the commission of the offense had been proven beyond a reasonable doubt.
The victim identified the defendant at a Junior College in the company of another female. The victim testified that when defendant appeared in their presence both she and an unidentified female made the identification. Her testimony was, "We both hollered out  the girl and myself, we both said, `that is the man'." Defendant says the identification by an unknown female was hearsay and extremely prejudicial. The trial court denied a motion for mistrial based upon this occurrence. The unidentified female did not testify. It appears from the record that the statement in question was volunteered and in no way intended by the State to be considered as similar fact evidence. An appropriate cautionary instruction was given which negated any possible harmful effect the statement could have had. Perry v. State, 146 Fla. 187, 200 So. 525 (1941).
Defendant also contends that the identification at the Junior College constituted pretrial identification which did not follow the standards set down in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).
This Court in Perkins v. State, 228 So.2d 382 (Fla. 1969) held that Wade and Gilbert had no applicability to a pre-indictment identification such as that which occurred in the case sub judice. See also Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Chaney v. State, 267 So.2d 65 (Fla. 1972); Ashford v. State, 274 So.2d 517 (Fla. 1973).
Defendant also says that a tape recording of testimony given at a preliminary hearing, involving two separate charges against defendant, was improperly admitted. One charge was the instant case and the other was a similar charge involving an alleged assault upon one Brenda Welsh on November 30, 1970. The alleged victims testified at the preliminary hearing.
The trial court made a specific finding, in the light of testimony taken out of the presence of the jury, that the other victim was unavailable and that the State was diligent in its efforts to secure the presence of the other victim. This ruling is presumed to be correct. The Court gave the required cautionary instructions relating to commission of other acts of the defendant wholly independent of that for which he was on trial. The tapes were properly authenticated and the trial court did not commit reversible error in admitting the tapes into evidence.
The dissenting opinion of the District Court of Appeal's decision displayed apparent conflict between the "Per curiam affirmed" decision and other decisions, so we properly issued the writ of certiorari. *47 However, upon examination of the record, we find that there is no conflict and the writ of certiorari should be and is hereby discharged.
It is so ordered.
ROBERTS, DEKLE and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion in which BOYD and McCAIN, JJ., concur.
ERVIN, Justice (dissenting):
Two salient questions appear for conflict resolution:
(1) Whether the inability of the prosecuting witness, the alleged victim of the attempted rape, on cross-examination to recollect and testify as to the day and month of the alleged attempt upon her is fatal to the State's case where in its bill of particulars the State specified and advised the Petitioner, Steven Lynch, the offense had occurred on November 29, 1970, between the hours of 1:00 A.M. and 5:00 A.M. and the defendant's alibi defense evidence was that he was elsewhere and not at the scene of the offense at the time and date specified in the bill of particulars; and
(2) Whether a preliminary hearing tape recording of the testimony of a missing witness (Brenda Welch) relating to another alleged rape offense of Petitioner Lynch could be introduced at Petitioner's trial to demonstrate the modus operandi of the Petitioner in rape attacks when the tape was not screened and edited to eliminate prejudice and irrelevancies, and in particular the statement of the committing magistrate at the conclusion of the preliminary hearing that there was probable cause to hold Petitioner for trial.
The District Court of Appeal, Fourth District, affirmed the conviction of Petitioner Lynch per curiam without written opinion (275 So.2d 32). However, Judge Owen of that court dissented. His dissent, which comports with the record, is a sufficient basis for the exercise of our conflict jurisdiction. See Commerce National Bank in Lake Worth v. Safeco Insurance Co. of America, etc., 284 So.2d 205 (Fla. 1973).
I agree with Judge Owen's conclusions as to the two questions, but supplement them with the following citations and reasons:
As to question one, see Smith v. State (Fla. 1927), 93 Fla. 238, 112 So. 70, and 41 Am.Jur.2d, Indictments and Informations § 161. It is fundamentally unfair for the State in its bill of particulars to specify and give notice to a defendant that it charged he committed an offense on a particular date and have the latter marshal his alibi evidence accordingly, and then not limit the State in making out its evidentiary case against defendant to the date specified in the bill of particulars. This appears contrary to due process and to the necessity for convicting proof beyond reasonable doubt.
As to question two, I agree with Judge Owen that the tape recording of the missing witness's testimony at the preliminary hearing was of dubious variety and if admissible at all should have been carefully screened and edited to eliminate portions which were hearsay, irrelevant or prejudicial. I agree that the portion of the audible tape recording wherein the committing magistrate at the conclusion of the preliminary hearing announced his ruling finding probable cause against the Petitioner should have been screened from the jury in this case as prejudicial. This judicial utterance of the magistrate was not factual evidence. It was an opinion of the judge that should not have been given the jury.
The testimony of a prosecutrix in a rape case should be rigidly scrutinized. Coker v. State (1922), 83 Fla. 672, 93 So. 176, and Newman v. State (Fla. 1967), 196 So.2d 897. The rationale of Florida holdings is that in cases of rape and attempted rape the evidence against the alleged offender should be clear and convincing and free *48 from prejudice, not only to comport with the rule of reasonable doubt but to avoid the possibility of the prosecutrix visiting imposition, mistake, revenge, or her hysteria upon the accused, as the history of such cases has demonstrated.
BOYD and McCAIN, JJ., concur.