PER CURIAM.
The defendant appeals her conviction and sentence for vehicular homicide and leaving the scene of an accident with death. We affirm.
As the First District stated in Pitts v. State, 473 So.2d 1370, 1372 (Fla. 1st DCA 1985):
The dividing line between lack of care required for proof of vehicular homicide by reckless operation of a motor vehicle in a manner likely to cause death and careless driving, a noncriminal traffic offense, is obviously hard to draw.
However:
Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of the conflicting testimony should not be determined on a motion for judgment of acquittal.
Lynch v. State, 293 So.2d 44 (Fla.1974).
In this case, taking the view of the facts, as we must, most favorable to affirmance of the conviction, we find that there was sufficient evidence which would sustain the conviction for reckless driving. The jury had to deal with two directly conflicting statements by the defendant herself as well as testimony from an eyewitness describing the incident. There were sufficient facts, if believed by the jury, to show that defendant crossed the line from carelessness to recklessness. Based on the foregoing, we therefore must affirm the final judgment of conviction.
GUNTHER and WARNER, JJ., concur.
ANSTEAD, J., concurs and dissents with opinion.