CAMPBELL, Judge.
Appellant, State of Florida, argues that the trial court should not have granted appellee, Antonio Iglesias’, motion for a judgment of acquittal after the jury had returned a verdict of guilt. The state maintains that the jury had already lawfully found that appellee had the intent to steal the victim’s truck and the court should not have acquitted appellee. We agree.
At trial, a witness testified that appellee and his companion were attempting to get inside a truck. After breaking a window and getting in, appellee leaned over. The witness then observed that as the two men exited the truck, appellee had something in his hands and his companion appeared to be hiding something in his jacket. They walked toward the ABC Farm Workshop.
A Farm Workshop employee testified that two men entered the shop, carrying an ignition switch, and asked to borrow a tool because the key had broken off in the switch. Another employee testified that appellee explained that he had lost his key. Appellee handed the mechanism to his companion, and the two used a hacksaw to cut it apart. They then left and walked toward a cablevision company that was across the street from the truck. Just outside the Farm Workshop gate, an officer stopped them. Appellee dropped a screwdriver to the ground. The officer found a pair of pliers in appellee’s rear pocket and found the inoperable half of the truck’s ignition switch in the Farm Workshop. The other operable half of the switch was later found in the vicinity of the men’s arrest. A knife that had been taken from the truck was also found inside the Farm Workshop gate.
An auto theft investigator testified that the part of the switch found near where the men were arrested could be used, with the aid of a screwdriver, to start the truck. The half of the switch found in the Farm Workshop could not be used to crank the truck.
Although appellee argued that he only intended to steal the switch, not the truck, the jury found appellee guilty of grand theft auto. The court, however, granted appellee’s motion for a judgment of acquittal. Since the jury had already found ap-pellee guilty, the only question before the court on appellee’s motion for a judgment of acquittal was whether the jury had lawfully considered the circumstantial evidence of appellee’s intent. See Lynch v. State, 293 So.2d 44 (Fla.1974).
Although a conviction cannot be sustained on circumstantial evidence unless the evidence is inconsistent with every reasonable hypothesis of innocence (State v. Law, 559 So.2d 187 (Fla.1989)), this is a question for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, it will not be reversed. Id. The jury here found that the evidence was inconsistent with any reasonable hypothesis of innocence and we find that there is substantial, competent evidence to support the jury’s verdict.
There was evidence that when arrested, appellee and his companion were headed back to the truck and that the part of the ignition switch needed to operate the truck was found on the ABC grounds near where the suspects were arrested. These facts are substantial, competent evidence of an intent to steal the truck, not merely the ignition switch. The jury could, therefore, lawfully view the evidence as favorable to the state and find appellee guilty of grand theft auto. We believe that the trial court erred in granting appellee’s motion for a judgment of acquittal of grand theft auto and, therefore, reverse the judgment of *1003 acquittal. We remand for further appropriate proceedings.
SCHOONOVER, C.J., and DANAHY, J., concur.