COBB, Judge,
concurring in result with opinion.
The issue is whether the trial court erred in granting the defendant’s motion to dismiss per Florida Rule of Criminal Procedure 3.190(c)(4). The state demurred to the motion and it was stipulated that the facts stated in the motion would be considered by the court together with the depositions of the state’s witnesses and the defendant’s recorded statement to the police.
This is a circumstantial evidence case. Therefore, the legal question posed is whether the state failed to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt. State v. Law, 559 So.2d 187, 188 (Fla.1989); Wilson v. State, 493 So.2d 1019, 1022 (Fla.1986). In Law, the Florida Supreme Court explained the circumstantial evidence standard as follows:
Consistent with the standard set forth in Lynch [v. State, 293 So.2d 44 (Fla.1974) ], if the state does not offer evidence which is inconsistent with the defendant’s hypothesis, “the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law.” 293 So.2d at 45. The state’s evidence would be as a matter of law “insufficient to warrant a conviction.” Fla.R.Crim.P. 3.380.
It is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to “rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
If the rule were not applied in this manner, a trial judge would be required to send a case to the jury even where no evidence contradicting the defendant’s theory of innocence was present, only for a verdict of guilty to be reversed on direct appeal. We agree with the Fowler \v. State, 492 So.2d 1344 (Fla.App.1986)] court that
it is for the court to determine, as a threshold matter, whether the state has been able to produce competent, substantial evidence to contradict the defendant’s story. If the state fails in this initial burden, then it is the court’s duty to grant a judgment of acquittal to the defendant as to the charged offense, as well as any lesser-included offenses not supported by the evi-dence_ Otherwise, there would be no function or role for the courts in reviewing circumstantial evidence, as was stated so well in Davis v. State, 436 So.2d [196 (Fla. 4th DCA 1983)], 200: “If we were to follow the state’s logic, a trial judge could never ... grant a motion for judgment of acquittal pursuant to Florida Rule of Criminal Procedure 3.380 when the evidence [is] circumstantial. Instead, every case would have to go to the jury.” [Footnote omitted].
Fowler, 492 So.2d at 1347.
State v. Law at 188, 189.
The facts before the trial court in the instant case were that the defendant Rudolph was working at a diner when she heard a banging noise coming from outside. She went out to investigate and found the victim, Rose, who was very in *299 toxicated, banging his head against a wall. He then threatened to kill her, hit her in the head, and grabbed her. She escaped from his grasp, and got back inside the building. Rose did not follow her. She picked up a kitchen knife and went back out onto the porch. Rose thereupon took another swing at her. She took the knife out and told him to leave her alone. He repeated the threat to kill her, then fell on her and was fatally stabbed, either intentionally or inadvertently.
As observed by the state in its appellate brief, there is competent evidence from which a jury could infer guilt to the exclusion of every reasonable hypothesis of innocence beyond a reasonable doubt. Even if the jury were to conclude that the actual stabbing was inadvertent, the uncontro-verted testimony of the defendant was that she armed herself with a deadly weapon and renewed the conflict when she could reasonably have avoided it — simply by staying inside the building and seeking help from the owner or the police, or leaving by another route. See State v. Coles, 91 So.2d 200 (Fla.1956).
Consequently, I concur in reversal of the trial court’s order of dismissal based upon the standard set forth in State v. Law. I cannot agree, however, with the implication of Judge Cowart’s opinion that the reasonableness of any asserted hypothesis of innocence is always a question of fact to be determined by a jury, since that concept directly contravenes Law and would render meaningless pretrial motions to dismiss and motions for judgment of acquittal at trial.