GRIFFIN, Chief Judge.
P.A. timely appeals an order adjudicating him delinquent for grand theft. The issue on appeal is whether the trial court erred in denying P.A.’s motion for a judgment of acquittal.
The motion was based on the argument that:
[T]he State, has to have a showing, or a prima facie showing, at least, that [P.A.] was the one who committed the offense that is charged in the charging document. The only testimony you have before this Court is the uncorroborated testimony of someone who indicates that [P.A.] made an admission with regard to certain statements. And that person came to court and admitted, in his last statement, that his prior indication of admission was different that his current statement of admission. It is my submission to the Court, at this point, that based upon that indication, that is not as a matter of law sufficient, given a lack of corroboration of the identity of the 'person who committed any crime, of the charge of grand theft.
The court denied the motion with respect to this charge.[1] We agree and affirm.
P.A. cites no authority for the proposition that a witness’ trial testimony cannot be used to support a defendant’s conviction if the witness has made a prior statement which is inconsistent with the testimony he gives at trial. While there may be circumstances under which a witness’ trial testimony is so inherently unreliable or so incredible that no reasonable juror could find the defendant involved guilty beyond a reasonable doubt, see Gay v. State, 607 So.2d 454 (Fla. 1st DCA 1992), review denied, 620 So.2d 760 (Fla.1993), this does not appear to be such a case. Instead, the inconsistencies existing in this case appear to go .to the witness’ credibility, which is not a proper subject for a ruling on a motion for judgment of acquittal. Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
AFFIRMED.
HARRIS and THOMPSON, JJ., concur.

. The trial court granted P.A.’s motion for a judgment of acquittal on a charge of burglary of a structure." This ruling has not been cross-appealed by. the state.