769 So.2d 512 (2000)
Willie Lee SLATER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2480.
District Court of Appeal of Florida, Fifth District.
October 20, 2000.
Mark S. Blechman, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant Willie Slater timely appeals his convictions and sentences on charges of burglary, aggravated battery, false imprisonment, and aggravated assault, and two minimum mandatory sentences of three years for using a firearm.
Slater contends that the trial court erred in permitting the victim, who was the state's principal witness, to sit in the courtroom during the prosecutor's opening argument. There is nothing in the record to demonstrate that either party requested sequestration of witnesses nor was any objection to the presence of the witness made prior to the prosecutor's opening statement. The issue has not been preserved for appellate review.
The court properly denied appellant's motion for judgment of acquittal on the ground of identity. The victim testified that it was appellant who committed the charged acts, and identified him in the courtroom. In evaluating a motion for judgment of acquittal, all facts introduced into evidence are deemed admitted, and the trial court must draw every conclusion and inference therefrom in favor of the state. Lynch v. State, 293 So.2d 44 (Fla. 1974). The validity of the identification testimony was for the jury.
The supreme court, contrary to appellant's assertion, has declared the Prison Releasee Reoffender Act to be constitutional. See State v. Cotton, 769 So.2d 345 (Fla.2000). We find no merit in appellant's remaining issues.
AFFIRMED.
THOMPSON, C.J., and GRIFFIN, J., concur.