790 So.2d 1149 (2001)
A.L., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3003.
District Court of Appeal of Florida, Second District.
July 9, 2001.
*1150 James Marion Moorman, Public Defender and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
A.L. appeals from his adjudication of delinquency and sentence. We affirm the adjudication but remand for correction of the sentence.
A.L. was charged with battery. At the adjudicatory hearing, the trial judge stated that he would place A.L. on community control and impose sanctions, and he directed A.L. "not to have any violent contact with the victim." The written order placed A.L. on community control, ordered him to stay away from the victim, and ordered A.L. to write a letter of apology to the victim. The order did not specify the duration of community control.
A.L. raises three issues on appeal. First, he argues that the trial court erred when it denied his motion for judgment of acquittal. We disagree. In a motion for judgment of acquittal, the defendant admits the facts in evidence and admits every conclusion favorable to the State which may be drawn from the facts. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). If there is a conflict in the facts and different conclusions may reasonably be drawn, the conflict should be resolved by the fact finder. Id.
Here, the victim testified that A.L. struck the first blow, initiating a fight. In support of his motion for judgment of acquittal, A.L. argued that the incident was one of mutual combat. Because there was sufficient evidence of guilt at the close of the State's case and after the defense rested, the trial court properly denied the motion. See Leonard v. State, 731 So.2d 712, 717 (Fla. 2d DCA 1999).
Next, A.L. argues that the trial court erred by sentencing him for an indefinite time period. We agree. Under section 985.231(1)(d), Florida Statutes (1997), a delinquent child may be committed for an indeterminate amount of time, but this time "may not exceed the maximum term of imprisonment that an adult may serve for the same offense." A.L. was convicted of battery, a first degree misdemeanor, punishable by up to one year's imprisonment. §§ 784.03(1), 775.082(4)(a), Fla. Stat. (1997). Thus, we must remand for imposition of a proper sentence with the commitment not to exceed one year. See T.R.G. v. State, 697 So.2d 940 (Fla. 2d DCA 1997).
Finally, A.L. argues that the oral pronouncement and the written judgment do not conform due to the requirement in the written order that A.L. write a letter of apology to the victim. We agree. Since the letter of apology was not in the oral pronouncement, it must be stricken from the written judgment. Murph v. State, 666 So.2d 197, 198 (Fla. 2d DCA 1995); A.R. v. State, 504 So.2d 66 (Fla. 2d DCA 1987).
Accordingly, we affirm the adjudication of delinquency but remand with instructions for the trial court to enter a new disposition order that places A.L. on community control for a period of no more than one year and that deletes the requirement of a letter of apology.
PATTERSON, A.C.J., and GREEN, J., concur.