PER CURIAM.
By unpublished order Franchot Brown was granted a belated appeal of his conviction for first degree murder and attempted armed robbery.[1] We affirm.
Defendant-appellant Brown was arrested on robbery charges unrelated to the present case, and was taken to police headquarters. Thereafter a homicide detective asked the defendant if he would be willing to speak with him regarding the instant murder case. The detective testified that the defendant voluntarily agreed. The detective took the defendant to another interview room, administered Miranda[2] warnings, and interviewed the defendant, at which time the defendant incriminated himself.
The defendant was charged with murder and armed robbery. His trial counsel moved to suppress his statement on various grounds, including Fourth Amendment grounds. After hearing testimony, the trial court denied the motion to suppress the evidence.
On this appeal, the defendant contends that somehow he was illegally in custody while being interviewed about the homicide. We fail to see any basis for that claim. The defendant had already been lawfully arrested in another case. Where a defendant is already lawfully in custody in one case, and voluntarily agrees to speak with a detective about another case, he is not thereby somehow illegally arrested on the second case. The fact that the defendant was moved from the robbery interview room to the homicide interview room within the same police station does not change the analysis. The defendant’s reliance on Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), is entirely misplaced.
As to the defendant’s second issue, the evidence was legally sufficient to go to the jury. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
Affirmed.

. After defendant-appellant Brown was convicted, he took an appeal to this court and the convictions were affirmed. See Brown v. State, 751 So.2d 580 (Fla. 3d DCA 2000). Subsequently he petitioned for a writ of habe-as corpus asserting ineffective assistance of appellate counsel. The panel which considered the petition decided that the appellate issue should be fully briefed and granted a belated appeal for that purpose.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).