PER CURIAM.
Jimmy Toliver raises four issues in this appeal of his conviction and sentence for second-degree murder. We affirm.
Toliver first claims the trial court reversibly erred by not granting a mistrial after the State “revealed” his criminal record. We review a trial court’s denial of a motion for mistrial for an abuse of discretion. See Floyd v. State, 918 So.2d 564, 576 (Fla.2005). We find no merit to Toliver’s argument. First, the officer never stated that Toliver had a criminal history; rather, the officer simply said that he ran the vehicle’s tags and the appellant’s name through his patrol car’s computer. In an abundance of caution, the trial judge provided a curative instruction that no inference should be made that Toliver possessed a criminal record. The trial judge and the State further clarified that Toliver was not the registered owner of the vehicle. The trial judge properly denied the mistrial motion.
Toliver next argues the trial court reversibly erred by admitting a gruesome photograph of the crime scene. Again, we review the trial court’s determination for an abuse of discretion. See Wilson v. State, 436 So.2d 908, 910 (Fla.1983). The State introduced the photograph to corroborate its witnesses’ testimony and to rebut any claims of accidental shooting. The trial court properly admitted the photograph. See Jackson v. State, 545 So.2d 260, 265 (Fla.1989) (finding photographs of victim’s charred remains admissible to prove circumstances surrounding murder and to corroborate medical examiner’s testimony); Larkins v. State, 655 So.2d 95, 98 (Fla.1995) (finding photographs of victim lying in pool of blood relevant to aid in explanation of how and where victim died).
Toliver’s third argument concerns the trial court’s denial of his motion for judgment of acquittal. A judgment of acquittal should only be granted when the jury cannot reasonably view the evidence in any manner favorable to the opposing party. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974). At trial, the State’s case did not rely upon circumstantial evidence. To the contrary, the State presented direct witness testimony that Toliver brought a loaded shotgun to the crime scene, retrieved the weapon from the back seat of his car, aimed the weapon at the victim’s *715 head, pulled the trigger, and fled. The State also offered testimony that the victim did not place appellant in reasonable fear. Although appellant presented some evidence going to a self-defense claim, the trial court on a motion for judgment of acquittal properly resolved all conflicts in the evidence and all reasonable inferences drawn therefrom in a light most favorable to the State. Id. As the State presented substantial evidence supporting its charge of second-degree murder, the trial court properly denied the motion.
Toliver’s final argument questions the trial court’s denial of his motion for a new trial, based upon the verdict being against the weight of the evidence. “[T]he only avenue for judicial review of the weight of the evidence is by motion for new trial at the trial court level .... [Tibbs] places sole responsibility for that discretionary decision upon the trial judge.” Robinson v. State, 462 So.2d 471, 476-77 (Fla. 1st DCA 1984); see Tibbs v. State, 397 So.2d 1120 (Fla.1981). We, as an appellate court, concern ourselves only with the legal sufficiency of evidence; we do not reweigh evidence. See Tibbs, 397 So.2d at 1123 (“[T]he concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment. Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.”). Here, the State presented ample evidence supporting Toliver’s conviction.
AFFIRMED.
BROWNING, C.J., KAHN and POLSTON, JJ., concur.