PARIENTE, J.,
concurring.
I agree with the majority’s decision to reverse based on the trial court’s erroneous admission of Deviney’s confession. I write separately, however, because I would also reverse the trial court’s denial of De-viney’s motion for judgment of acquittal on the charge of felony murder with an underlying felony of attempted sexual battery. The physical and testimonial evidence introduced by the State at trial did not refute, and was in fact wholly consistent with, Deviney’s theory that he killed Futrell in the backyard of her townhome, dragged her body inside, and then disrobed and positioned her body to make it appear as though she had been sexually assaulted. Because Deviney’s deliberate act of posing Futrell’s lifeless body in a sexually provocative manner to dispel suspicion does not amount to the crime of attempted sexual battery, the trial court erred in denying his motion for judgment of acquittal on this element of the felony murder charge.
The State’s evidence indisputably shows the cause of Futrell’s death was loss of blood due to a cut across her throat. A large pool of blood discovered at the scene of the crime verified that Deviney inflicted this fatal wound when Futrell was outside and in the middle of her backyard. Fut-rell succumbed to this injury in a short time span, ranging from just seconds to minutes, but law enforcement did not discover Futrell’s body outside.
Futrell’s body actually was found lying on her living room floor. Her body was partially naked, with her shirt pulled over her torso, her bra cut and bloodied, and the crotch of her underwear ripped open and the underwear pulled over her hips. Law enforcement located Futrell’s jeans, which were covered in blood, inside the townhome by the backdoor. Scrape marks across her upper hip and lower back were typical of sliding-type abrasions, as if Fut-rell’s body had been dragged or moved across something, and blades of grass were found on her head, shoulder, hands, and back. Only a very small amount of blood was discovered inside the townhome, where signs of struggle were not apparent.
When Officer Milowicki arrived at the crime scene, she immediately was struck by the unnatural position in which she found Futrell’s body. Officer Milowicki testified that Futrell’s body appeared to be posed based on the positioning of the legs. According to Detective Stapp, a trail of blood leading from the middle of the backyard to the townhome’s backdoor indicated that Futrell’s throat was cut outside and that her body was dragged inside after-wards. Based on the location where Fut-rell’s blood-soaked jeans were found, Detective Stapp testified to her belief that the jeans were removed from Futrell’s body inside the home. This would have occurred after the murder.
A sexual battery kit examination revealed no evidence of an actual sexual battery. The medical examiner testified that there was no sign of injury to Fut-rell’s breasts or genital areas, which if present would have been indicative of a sexual assault. These observations led the medical examiner to conclude that a sexual battery did not in fact occur. Arguing insufficient evidence of attempted sexual battery, Deviney moved for a judgment of acquittal on this element of the felony murder charge. The trial court denied his motion.
A motion for judgment of acquittal should be granted only where “the evidence is such that no view which the jury may lawfully take of it favorable to the [State] can be sustained under the law.” Beasley v. State, 774 So.2d 649, 657 (Fla.2000) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). “However, a special *81 standard of review applies when a case is based wholly on circumstantial evidence.” Boyd v. State, 910 So.2d 167, 180 (Fla.2005). In circumstantial evidence cases, a motion for judgment of acquittal should be granted if the State “fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.” State v. Law, 559 So.2d 187, 188 (Fla.1989). “The state is not required to ‘rebut conclusively every possible variation’ of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events.” Darling v. State, 808 So.2d 145, 156 (Fla.2002) (quoting Law, 559 So.2d at 189). Therefore, to avoid the entry of a judgment of acquittal, the State must meet the “threshold burden” of presenting competent, substantial evidence that is inconsistent with the defendant’s reasonable hypothesis of innocence. Reynolds v. State, 934 So.2d 1128, 1146 (Fla.2006).
In this case, the State’s evidence does not refute Deviney’s contention that he lacked the requisite specific intent to commit a sexual battery. See Williams v. State, 967 So.2d 735, 755 (Fla.2007) (“To establish the crime of attempt, the State must ‘prove a specific intent to commit a particular crime and an overt act toward the commission of the crime.’ ” (quoting Gudinas v. State, 693 So.2d 953, 962 (Fla.1997))). Rather, the evidence recounted above corresponds entirely with Deviney’s theory of events: he killed Futrell in the backyard of her townhome, dragged her body inside, and then positioned her body in such a manner so as to make it appear as though she had been sexually assaulted, hoping to divert suspicion.
Although Futrell’s jeans being removed and her bra and underwear being cut are facts tending to support an attempted sexual battery charge, this viewpoint ignores the weight of evidence suggesting that both events occurred inside Futrell’s home and after her death. In short, Deviney’s disrobing and posing of a lifeless body in a sexually provocative manner was insufficient to establish the offense of attempted sexual battery. I would thus reverse the trial court’s denial of the motion for judgment of acquittal on that element of the felony murder charge.
QUINCE and PERRY, JJ., concur.