PER CURIAM.
*1155 Rakim Watson appeals his convictions for charges stemming from a drive-by shooting in which several individuals were wounded.[1] He argues that the evidence presented was insufficient to establish his identity as the shooter and that the trial court erred in denying his motion for mistrial made when the court, in its preliminary instructions, inadvertently informed the jury that Watson had a prior conviction. We affirm.
Many of the individuals in this case have previously been involved with the criminal justice system. At trial, there were inconsistencies among the witnesses' accounts and in prior witness statements. While the identities of the shooters were disputed, it was undisputed that shots were fired from a vehicle Watson was in and several people were injured. Furthermore, at least one victim testified that Watson fired shots from the vehicle. Thus, there was sufficient evidence, despite the inconsistencies, to support Watson's convictions. Cf. Slater v. State, 769 So.2d 512 (Fla. 5th DCA 2000). Ultimately, it is within the jury's purview to make credibility determinations among conflicting testimony. Id. at 512 ("The validity of the [victim] identification testimony was for the jury."); see also Bradshaw v. State, 744 So.2d 1095, 1097 (Fla. 5th DCA 1999) (explaining that evidence regarding defendant's "identity as the shooter was a question for the jury").
Further, we find the trial court's error in informing the jury that Watson had a prior conviction to be harmless under the circumstances of this case. During the preliminary instructions, the court read the charges Watson faced, including, "possession of a firearm by a convicted in-state-."[2] Watson moved for a mistrial, and the court reserved ruling. However, Watson later chose to testify and freely stated that he had previously been convicted of several felonies. Thus, Watson himself placed his status as a convicted felon before the jury, rendering the court's inadvertent disclosure harmless. Cf. Wyatt v. State, 641 So.2d 1336, 1338 (Fla. 1994) (finding trial court's mention of defendant's prior conviction during voir dire harmless where defendant later testified that he was a convicted felon).
AFFIRMED.
COHEN, C.J., WALLIS and EISNAUGLE, JJ., concur.

Following a jury trial, Watson was found guilty of four counts of principal aggravated battery, one count of discharging a firearm from a vehicle, and one count of possession of a firearm by a convicted felon.

While the court stopped before saying the word "felon," the jury would likely have gathered that Watson had been previously convicted of a crime.