DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSUE NATAL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1271

[August 21, 2019]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 14-005874CF10A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR REHEARING***

WARNER, J.

We withdraw our prior opinion and substitute the following in its place.

Appellant challenges his conviction for reckless driving for which he was sentenced to three years in prison. He contends that the court erred in denying his motion for judgment of acquittal, in that his driving speed alone was insufficient to constitute recklessness. We conclude that appellant's speed was grossly excessive under the circumstances and affirm.

Appellant was originally charged with vehicular homicide. At trial, the State presented the following evidence. A husband, driving with his wife, was heading west on Sheridan Street in Broward County on a clear Saturday afternoon. The husband was stopped to make a left-hand turn across the eastbound lanes of Sheridan onto 58th Terrace. The husband saw a car in the distance (heading east on Sheridan) about two football

fields away and believed that he could safely make the left-hand turn. He started the turn, but he did not complete it because his van was hit broadside on his wife's side of the vehicle. The husband did not hear any tires squealing prior to the accident. His wife was ejected from her seat. The van rolled on top of her and she died in the crash.

Appellant was driving a Corvette eastbound on Sheridan. Multiple witnesses testified to seeing, or hearing, the Corvette zooming by other vehicles on the road until the Corvette crashed into the left-turning van. A traffic investigation determined that appellant was braking for only a very small amount of time, or not at all, prior to the crash. Another officer obtained a video from a nearby business which showed the Corvette speeding past. The officer determined that the Corvette was going between eighty-two and eighty-five miles per hour, more than double the forty-mile-per-hour speed limit.

An accident reconstruction expert testified from a review of the Corvette's black box that the Corvette was accelerating prior to the crash. At five seconds before the crash, it was travelling at sixty-eight miles per hour. At four seconds before the crash, the Corvette was travelling at seventy-six miles per hour, and the throttle was at 100, meaning appellant's foot was on the gas at that time. At three seconds before the crash, the Corvette was travelling at eighty-three miles per hour with the foot still on the throttle. At two seconds before the crash, the readings showed that appellant had lifted his foot off the throttle. The expert concurred with the husband that the Corvette was two football fields away when the husband started to make the turn, and it was reasonable for the husband to believe that he had enough time to make the turn. It was unexpected that the Corvette would be speeding up.

The area of Sheridan Street where the accident occurred was a mixed neighborhood of residences and business. The street is three-lanes wide going in both directions, and the speed limit was forty miles per hour. A bus stop was close by, and pedestrians were waiting for the bus at the time. Another witness was pulling into his residential driveway off Sheridan.

After presentation of the State's case, appellant moved for a judgment of acquittal, arguing that in order for the State to prove reckless driving, it had to show willful and wanton behavior on appellant's part. Appellant argued that the State had merely shown that he was speeding and speeding alone was insufficient to show recklessness. The State, on the other hand, contended that this was grossly excessive speed which can constitute reckless conduct. Driving at the speeds recorded by the

2

Corvette constituted wanton behavior. There were pedestrians, people at the bus stop, a man pulling into his driveway, and the defendant had a passenger in his car. All of this taken together showed a willful or wanton disregard for the safety of others. The trial court denied the motion.

Appellant testified in his defense, stating that he and his cousin were traveling east on Sheridan in the left-hand lane, when he saw the van making the left-hand turn across Sheridan and moved to the middle lane to try to avoid the accident. At the time he saw the van, he said he was sixty or seventy-five feet away. He attempted to dodge the van by changing lanes, but it kept going and he hit it. After his testimony, appellant renewed his motion for judgment of acquittal, which the trial court denied. The case was submitted to the jury, which returned a verdict finding appellant guilty of the lesser-included offense of reckless driving. The court sentenced appellant to three years in prison. This appeal followed.

Appellant contends that the court erred in denying his motion for judgment of acquittal because the evidence shows only that appellant was speeding, which is insufficient to prove recklessness. A de novo standard of review applies when reviewing a motion for judgment of acquittal. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002); *Santisteban v. State*, 72 So. 3d 187, 194 (Fla. 4th DCA 2011). "In moving for a judgment of acquittal, a defendant admits the facts in evidence and every conclusion favorable to the [State] that may be fairly and reasonably inferred from the evidence." *Turner v. State*, 29 So. 3d 361, 364 (Fla. 4th DCA 2010). A court should grant a motion for judgment of acquittal only if "the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974).

In *Pozo v. State*, 963 So. 2d 831 (Fla. 4th DCA 2007), we noted that in this district, grossly excessive speed alone can constitute reckless conduct to support a charge of vehicular homicide. We relied on *Copertino v. State*, 726 So. 2d 330, 332-33 (Fla. 4th DCA 1999):

> [I]t is one thing to speed slightly over the posted limit, and it is quite another matter to drive at such an immensely excessive rate that no one could reasonably drive. In our opinion, the rate of speed of a vehicle can be firmly shown by the evidence to be *so* excessive under the circumstances that to travel that fast under the conditions is by itself a reckless disregard for human life or the safety of persons exposed to the speed. For example, while driving 90 mph at Sebring on a test track might not even be negligent conduct, racing at 90

> mph in front of school where children are entering or leaving would surely be so flagrant as to show a reckless disregard for human life and safety.

*Id.* at 833 (emphasis in original). In *Pozo*, the defendant was driving between sixty-seven to ninety miles per hour in a residential area, which we said alone justified the denial of a motion for judgment of acquittal. *Id.* In *Copertino*, the defendant was driving ninety miles per hour on a major thoroughfare, although the speed limit was not stated in the opinion.

While we have stated that speed alone can justify the denial of a judgment of acquittal, each case always turns on its own specific facts. In particular, the area in which the speeding occurs is a significant factor. A vehicle travelling 100 miles per hour on an interstate highway does not pose the same level of wanton conduct as does a vehicle travelling ninety miles an hour on a street with various side streets, driveways entering the street, and overall additional congestion.

In this case, appellant was driving more than twice the speed limit in a mixed residential/commercial neighborhood. Pedestrians were standing by the roadway waiting for a bus. A homeowner pulled into his driveway which fronts on Sheridan. While appellant says that he saw the van only sixty to seventy-five feet prior to impact, the victim stated that he saw appellant 200 yards away, and the expert agreed that the victim started the turn when appellant was 200 yards away, not the short distance described by appellant. Appellant continued to accelerate until two seconds before the crash, and there was very little braking. Thus, we conclude that the State's evidence was sufficient to overcome a judgment of acquittal.

Appellant most strongly relies on *Luzardo v. State*, 147 So. 3d 1083 (Fla. 3d DCA 2014), in which the Third District reversed the defendant's conviction for vehicular homicide, concluding that the evidence was insufficient to show the required reckless conduct for the charge. However, that case is distinguishable on its facts. There, the defendant was driving eastbound on the Tamiami Trail in Miami-Dade County, in a portion west of the developed area of Miami. *Id.* at 1084. In other words, the area was a rural area of the Everglades, not a residential or commercial area. The defendant was travelling at eighty-four miles per hour in a fifty-five mile-per-hour speed zone and struck a vehicle turning left in front of him, although he attempted to avoid the collision. *Id.* at 1084-85. One of the passengers in the left-turning vehicle was killed. *Id.* at 1085. In reversing the conviction, the court acknowledged that, "The determination of a prima facie case of recklessness in a vehicular homicide case is a fact

intensive, ad hoc inquiry." *Id.* at 1086. The court noted that the case did not occur in a residential area, and the defendant had attempted to avoid the collision. *Id.* at 1088. It focused on the actions of the defendant and determined that they did not amount to recklessness.

In contrast, in this case, appellant was speeding (and accelerating) at more than twice the posted speed limit in a residential/commercial neighborhood and failed to take any evasive action until the last moment even though the victim commenced his turn when the appellant was the length of two football fields away. We find that his grossly excessive speed alone, given the area where he was driving, was sufficiently reckless that the court properly denied the motion for judgment of acquittal.

*Affirmed.*

FORST and KUNTZ, JJ., concur.

\* \* \*

**No further motions for rehearing shall be permitted.**