# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-17

_____

WILLIE LAWRENCE ROBINSON,
JR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Lacey Powell Clark, Judge.

September 22, 2021

KELSEY, J.

A jury convicted Appellant of possession of a firearm or ammunition by a convicted felon, and possession of marijuana. The State advanced a constructive-possession theory of guilt. Evidence showed that Appellant spent the night alone with a female friend in a small bedroom containing a box of ammunition, eight marijuana joints, and an assault-style firearm. All of these items were in plain view: the marijuana in an ashtray on top of a TV directly beside the bedroom door, the ammunition on the windowsill directly over the head of the bed and within easy reach from the bed, and the firearm in an open closet. Appellant's driver's license was on the floor directly in front of the open closet and right

beside the TV stand, close to a pair of shoes. Appellant testified that upon entering the room, he and his friend cleared off the bed and then got in it. Both he and his friend testified they spent the night in that room, which the woman who rented the house also confirmed. Appellant testified that he had made similar use of the house in the past, sometimes in that same room and sometimes in other rooms.

Appellant argues that the trial court erred in denying his motion for judgment of acquittal. Our standard of review is de novo. *Jones v. State*, 790 So. 2d 1194, 1196 (Fla. 1st DCA 2001) (en banc). We must view the evidence in a light most favorable to the State. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). By moving for a judgment of acquittal, Appellant is deemed to have admitted both the facts established by the evidence and "every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974). A trial court cannot grant judgment of acquittal "unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." *Id.*

Appellant relies primarily on "mere visitor" cases holding that a mere temporary visitor to a space occupied by others cannot be deemed in constructive possession of firearms or contraband in such a space. This is not such a case. The State presented evidence from which the jury could conclude that the contraband items were in plain view within the bedroom that Appellant and his friend exclusively occupied for the night. The possibility that others occupied the room on other nights is irrelevant. On these facts, the governing analysis is not that of a "mere visitor" situation, but rather is a plain-view/joint-occupancy question. *See Brown v. State*, 428 So. 2d 250, 252 (Fla. 1983) ("We hold, therefore, that joint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction for constructive possession."), *superseded by statute on other grounds, as explained in Knight v. State*, 186 So. 3d 1005, 1008 n.2 (Fla. 2016); *see also Jones v. State*, 282 So. 3d 882, 884 (Fla. 1st DCA 2018) ("Constructive possession exists where the defendant does not

have physical possession of the contraband but knows of its presence and can maintain dominion and control over it.").

Pictures in evidence demonstrated that the box of ammunition was in plain view on the windowsill just a few inches directly above the bed that Appellant and his friend "cleaned off" and on which they then spent the night. Although Appellant disputed whether the firearm was in plain view in the open closet a couple of feet from Appellant's driver's license, as opposed to behind a basket, the State presented a deputy's testimony that the gun was in plain view. The dispute was for the jury to resolve, and in any event either the ammunition or the firearm could support the firearm conviction. Evidence pictures also showed that the marijuana (with its natural odor) was directly beside the door leading into the bedroom. Appellant had to walk right by it at least to get in and out; and given the small size of the room, he was within scant feet of it the entire night. The evidence, viewed in a light most favorable to the State, was legally sufficient to support the trial court's denial of Appellant's motion for judgment of acquittal.

AFFIRMED.

LEWIS and BILBREY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.

3