# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1210
Lower Tribunal No. 21-829
_____

**A.O., a Juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando Prescott, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. See L.J. v. State, 971 So. 2d 942, 943 (Fla. 3d DCA 2007) ("The standard of review applicable to a motion for judgment of dismissal in a juvenile case is the same as the standard for a motion for judgment of acquittal in a criminal case, de novo review." (quoting A.A.R. v. State, 926 So. 2d 463, 465 (Fla. 4th DCA 2006))); Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974) ("[C]ourts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the [trier of fact] may lawfully take of it favorable to the opposite party can be sustained under the law."); § 812.022(2), Fla. Stat. ("[P]roof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen."); Melton v. State, 404 So. 2d 798, 798 (Fla. 3d DCA 1981) ("The statement attributed to the deceased placing defendant at scene of crime was inadmissible hearsay but harmless error where defendant's presence at scene of the crime was established by other competent evidence."); Wright v. State, 510 So. 2d 1159, 1159 (Fla. 3d DCA 1987) (holding police officer's hearsay testimony was harmless error because "under the standards of State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986), no prejudice appears.").