# Third District Court of Appeal
## State of Florida

Opinion filed February 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1382
Lower Tribunal No. 23-MM-1970-A-K
_____

**William Joseph Delgado**,
Appellant,

vs.

**State of Florida**,
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark Wilson, Judge.

Michael Ufferman Law Firm, P.A., and Michael Ufferman, and Laurel Cornell Niles (Tallahassee), for appellant.

James Uthmeier, Attorney General and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before LINDSEY, LOBREE, and GOODEN, JJ.

LINDSEY, J.

William Joseph Delgado appeals his conviction and sentence for violating section 316.193(1), Florida Statutes (2025), or Driving Under the Influence of alcohol or drugs by driving a golf cart.[1] Because the trial court committed no reversible error, we affirm.

## BACKGROUND

In October of 2023, Key West Police arrested and cited Delgado for Driving Under the Influence and Causing Damage to Property in violation of section 316.193(3)(a), (b), and (c)(1), Fla. Stat. (2025). The Information filed alleges that "on or about October 16, 2023," Delgado was operating a vehicle while under the influence of alcohol to the extent that Delgado's normal faculties were impaired, causing damage to a car belonging to a Key West bartender, Brant Morrison.

In February of 2024, the parties proceeded to a jury trial. At trial, Morrison testified that he received a written estimate for the car damage and provided it to the State. But the State failed to deliver Delgado that statement during discovery. Delgado objected to Morrison's testimony and requested a Richardson[2] hearing. The trial court excused the jury and conducted the hearing. The trial court found a discovery violation and at Delgado's request,

---

[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.140(b)(1)(A).

[2] Richardson v. State, 246 So. 2d 771 (Fla. 1971).

2

struck Morrison's testimony and ordered Delgado be "charged [and tried for] Driving under the influence, contrary to Florida Statute 316.193(1) thus reducing the charge by eliminating the property damage component of the original charge."[3]

At trial, the State introduced testimony of individuals who saw Delgado enter his golf cart in an inebriated state. For example, Jessica Larson testified that she was socializing in downtown Key West when she saw Delgado "with a couple of ladies stumbling out of the bar . . . He was heading towards his golf cart." Larson, along with several other pedestrians attempted to persuade Delgado not to drive, but Delgado refused, entered his golf cart, and backed into another vehicle.[4] Larson called law enforcement.

---

[3] This is Delgado's first DUI. Neither the State nor Delgado raised any issue with the trial court's decision to alter Delgado's charge at trial. But even if they did, the invited error doctrine precludes reversal because Delgado requested the change, thus inviting any error coming from that request. See Yampol v. Schindler Elevator Corp., 186 So. 3d 616, 617 (Fla. 3d DCA 2016) ("A party cannot invite certain action by the trial court only to assert on appeal that the trial court's action was erroneous.") (citing Gupton v. Village Key & Saw Shop, Inc., 656 So. 2d 475 (Fla. 1995); Pope v. State, 441 So. 2d 1073 (Fla. 1983))); Jockey Club III Ass'n, Inc. v. Jockey Club Maint. Ass'n, Inc., 306 So. 3d 185, 191 (Fla. 3d DCA 2020).

[4] Due to the trial court's Richardson decision, the trial court instructed the jury to disregard any statement relating to a vehicle incident any time a witness would mention it.

David Brockway testified that he was downtown with his wife, when he also saw Delgado stumble out of a bar and fall on top of another woman. Brockway observed that Delgado was unable to stay balanced, unable to speak without slurring, and had glossy eyes. This prompted Brockway to remove Delgado's keys from the golf cart.

The officers on scene, Hesse and Lopez, also testified. They noticed that Delgado was swaying, slurring speech, had glossy eyes, and emanated a "moderate" odor of alcohol from his breathe. Lopez requested Delgado conduct a field sobriety test to dispel any concern of being impaired, but Delgado refused. Irrespective, Lopez arrested Delgado based on his observations and later noted that Delgado fell asleep on the way to the police station. All witnesses testified that this incident occurred on October 15, 2023.

Once the State rested its case, Delgado moved for a Judgment of Acquittal, asserting that the jury could not reasonably conclude that Delgado could be convicted for Driving Under the Influence "on or about October 16, 2023" because all witnesses testified that the event occurred on October 15, 2023. Delgado also argued that no jury could reasonably conclude that Delgado operated a vehicle under the influence of alcohol in violation of section 316.193(1), Fla. Stat. The trial court denied Delgado's motion. After

4

Delgado rested his case, he renewed his motion on the same grounds and the trial court again denied that motion.

The State then gave its closing argument. Delgado objected to the State's allegedly improper statements. These statements focused on Delgado's inability to prove field sobriety tests were unreliable and questioned the credibility of Delgado's testimony on his own medical history. Delgado objected to each statement and the trial court sustained those objections. The trial court also gave curative instructions to the jury every time an improper statement was made.

Delgado then gave his closing argument. The jury deliberated and found Delgado guilty of Driving Under the Influence pursuant to section 316.193(1). This Court later granted Delgado's Petition for Belated Appeal, and this appeal followed.

**ANALYSIS**

"'The denial of a motion for judgment of acquittal is reviewed de novo.'" Azin v. State, 400 So. 3d 733, 739 (Fla. 3d DCA 2024) (quoting Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002)). "'A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" Id. (quoting Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974)). "'The conviction is supported

5

by sufficient evidence where a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the State.'" Id. (quoting Knight v. State, 186 So. 3d 1005, 1012 (Fla. 2016)). And generally, an appellate court will not reverse a conviction supported by competent, substantial evidence. See Troy v. State, 948 So. 3d 635, 646 (Fla. 2006).

Section 316.193(1)(a), Florida Statutes (2025), or Driving Under the Influence. That statute reads:

> A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and: (a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent **that the person's normal faculties are impaired** . . . .

§ 316.193(1)(a), Fla. Stat. (emphasis added).

"Such normal faculties include, but are not limited to, the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies, and, in general, normally perform the many mental and physical acts of daily life." § 316.1934(1), Fla. Stat. (2025).

Delgado argues that no reasonable jury could have found Delgado guilty of Driving Under the Influence. We disagree. The consistent testimony provided by two bystanders and two officers indicates that a jury could have

6

reasonably concluded that Delgado was in physical control of his golf cart when under the influence of alcohol, and that his normal faculties were impaired by alcohol at this time.

In viewing the evidence in the light most favorable to the State, as we must,[5] the jury could have reasonably found each element of the crime. Both Larson and Brockway testified that they saw Delgado stumble out of a bar and enter his golf cart. They both observed Delgado having difficulty with his speech and ability to stand still. The officers' testimony corroborates Larson's and Brockway's observations, as they similarly noted Delgado's appearance and behavior. They also stated that they smelled a moderate alcoholic odor on Delgado's breath. As such, Delgado may disagree with the jury's conclusion, but we cannot find, on this record, that the jury did not rely on substantial, competent evidence in making a reasonable conclusion. Azin, 400 So. 3d at 739.

Delgado also claims that no reasonable jury could have found that he was driving under the influence of alcohol on the specific date stated on the

---

[5] Azin, 400 So. 3d at 739 ("The conviction is supported by sufficient evidence where a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the State.") (quotation omitted); Sievers v. State, 355 So. 3d 871, 883 (Fla. 2022) ("If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.") (citation omitted).

information: October 16, 2023.  If the information merely stated that this incident did occur on October 16, 2023, Delgado may have a point.  But the information states that the incident happened "on **or about** October 16, 2023."  (emphasis added).  Police cited Delgado for "DUI and Damage to Property" at 11:06 PM—54 minutes before October 16.  Thus, the State provided sufficient evidence for the jury to conclude that the moment of Delgado's arrest, 11:06 PM, October 15, was about the same time as alleged in the information.  Azin, 400 So. 3d at 739.

Finally, Delgado's challenge to the State's improper closing statements is unavailing.  The trial court sustained Delgado's objections and delivered curative instructions to the jury.  See Davis v. State, 360 So. 3d 809, 813-14 (Fla. 2d DCA 2023); James v. State, 695 So. 2d 1229, 1234 (Fla. 1997) ("[A] defendant need not request a curative instruction in order to preserve an improper comment issue for appeal. The issue is preserved if the defendant makes a timely specific objection and moves for a mistrial.") (quoting Spencer v. State, 645 So. 2d 377, 383 (Fla. 1994)); Rose v. State, 787 So. 2d 786, 797 (Fla. 2001).

Because Delgado did not move for a mistrial, he has not preserved the issue for appellate review.  As such we review for fundamental error and find none here.  See McDonald v. State, 743 So. 2d 501, 505 (Fla. 1999) (holding that there is fundamental error if the trial court's decision "reaches down into

8

the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.").

## CONCLUSION

The trial court did not err in denying Delgado's motion and renewed motion for Judgment of Acquittal. The testimony presented at trial sufficiently allowed the jury to reasonably conclude that Delgado attempted to operate a vehicle while under the influence of alcohol around the time stated under the information. And we cannot reverse based on the State's improper statements because the trial court delivered curative instructions regarding those statements to the jury. As such, we are constrained to affirm.

Affirmed.